UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>JOSHUA ALEXANDER<br><br>  Defendant. | Case No. 16-20580<br>Honorable Laurie J. Michelson |

### ORDER ON LETTER REQUEST [44]

After pleading guilty to two counts of bank robbery and one count of attempted bank robbery, Defendant Joshua Alexander was sentenced to 60 months' imprisonment. (ECF Nos. 32, 43.) He is presently incarcerated at the Federal Correctional Institution Manchester in Kentucky. His projected release date, July 14, 2021, is only five months away. *Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Feb. 12, 2021).

Alexander recently sent a letter to the Court. (ECF No. 44.) He describes some difficulties he is having at his facility. He claims that his "health has hit an all time low" and that the prison "refuses to give [him] thorough medical attention." (*Id*. at PageID.181.) Alexander is afraid he "will not make it home" to see his sister (Grace Alexander) and his mother (Shannon Alexander). (*Id*.) Alexander further advises that he has found God and is working to be a better man. (*Id*.) It is not entirely clear what, if any, relief is being sought,

but Alexander implores "please grant me the opportunity to see my family soon." (*Id*. at PageID.182.) If Alexander is asking this Court to release him from prison now, he does not put forth a viable means.

### 1. Home Confinement

This Court does not have the statutory authority under the CARES Act to place Alexander in home confinement for the remainder of his sentence. In normal circumstances, under 18 U.S.C. § 3624(c)(2), the Bureau of Prisons (BOP) has the authority, toward the end of a defendant's sentence, "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." And now during the coronavirus pandemic, under the CARES Act, "if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement." Pub. L. No. 116-136, 516 § 12003(b)(2), 134 Stat. 281 (2020).

But "[t]he CARES Act places [that] decision-making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons." *United States v. Coker*, No. 14-CR-085, 2020 U.S. Dist. LEXIS 66286, at *5 (E.D. Ky. Apr. 15, 2020); *see also United States v. James*, No. 15-255, 2020 U.S. Dist. LEXIS 69973, at *5 (D. Minn. Apr. 21, 2020) ("Although the First Step Act expanded release opportunities, courts have observed that 'it is BOP—not the courts—who decides whether home detention is appropriate. . . .'" (citations omitted)).

2

**2. Compassionate Release**

Alexander also has not met the standard for compassionate release under the First Step Act. Under the First Step Act, the Court has the authority to reduce a defendant's term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that a reduction is consistent with applicable statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). The Act further provides that the Court may grant this so-called "compassionate release" upon (1) a motion by the BOP or (2) "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit has recently made clear "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). "And, in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Id*. at 519–20.

The exhaustion requirement, however, is mandatory. *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). But Alexander's letter does not indicate whether he first requested relief from the warden and, if so, when he made the request. Nor does Alexander provide

3

any documentation about his health issues and the information about his "mother" is too limited to enable to the Court to determine if it rises to the level of extraordinary and compelling circumstances—even assuming exhaustion.[1]

In sum, Alexander has failed to demonstrate exhaustion and has provided insufficient information for the Court to determine whether he is entitled to a sentence reduction. If that is what he seeking, his request will be DENIED WITHOUT PREJUDICE. The Court hopes that his health improves and that he is reunited with his sisters in just a few months.

SO ORDERED.

Dated: February 16, 2021

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

---

[1] The Court is aware from having sentenced Alexander that he was raised by his sister, Shannon Armstrong, after his parents died. (Presentence Report ¶ 69.) The Court assumes this is why his letter refers to Shannon as his mother. At the time of sentencing, it was reported that Shannon was disabled due to diabetes and stroke complications and was cared for by Grace Alexander. (Presentence Report ¶ 70.)